IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EDMUND ABORDO, #12688-122, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL DETENTION CENTER – HONOLULU, *et al.*, <br><br> Respondents. | CIVIL NO. 24-00284 LBW <br><br> ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 6, AND DISMISSING PETITION, ECF NO. 1 |

### ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 6, AND DISMISSING PETITION, ECF NO. 1

Before the Court is pro se Petitioner Edmund Abordo's Application to Proceed In Forma Pauperis by a Prisoner (IFP Application), ECF No. 6, and his Petition for Writ of Habeas Corpus (Petition), ECF No. 1.  For the reasons set forth below, the IFP Application is granted, and the Petition and this action are dismissed without leave to amend.

### BACKGROUND

On October 17, 2023, Abordo pleaded guilty to wire fraud and aggravated identity theft in violation of 18 U.S.C. §§ 1343 and 1018A, respectively.  *See* Indictment, *United States v. Abordo*, No. 22-cr-00101-BLW-KJN (D. Haw. Nov.

10, 2022), ECF No. 2; Minutes, *Abordo*, No. 22-cr-00101-BLW-KJN (D. Haw. Oct. 17, 2023), ECF No. 72.  On March 18, 2024, the Court sentenced Abordo to forty months' imprisonment and three years of supervised release.  *See* Judgment in a Criminal Case, *Abordo*, No. 22-cr-00101-BLW-KJN (D. Haw. Apr. 9, 2024), ECF No. 106.  In sentencing Abordo, the Court recommended to the Bureau of Prisons that Abordo be housed at FCI Sheridan in Sheridan, Oregon.  *See id.*, at PageID.1028.  Abordo is currently incarcerated at the Federal Detention Center in Honolulu, Hawaii (FDC Honolulu).[1]  *See* ECF No. 1, at PageID.1; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number" tab; enter "12688-122" in "Number" field; and select "Search") (last visited Aug. 2, 2024).

The Court received the Petition on July 5, 2024, ECF No. 1, and the IFP Application on August 1, 2024, ECF No. 6.  In the Petition, Abordo alleges that his "custody level is low" but he is being held in a "close custody setting" FDC Honolulu.  ECF No. 1, at PageID.1.  Abordo further alleges that the Court

---

[1]    FDC Honolulu is an administrative security facility.  *See* Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/hon/ (last visited Aug. 2, 2024) [https://perma.cc/NH6M-HXX9].  This means that FDC Honolulu can house federal inmates of any security level.  *See* Federal Bureau of Prisons, https://www.bop.gov/about/facilities/federal_prisons.jsp#:~:text=Administrative%20Security,%2C%20or%20escape%2Dprone%20inmates (last visited Aug. 2, 2024) [https://perma.cc/M5GU-VVPY].

"ordered" that he be housed at FCI Sheridan. *Id.* Abordo seeks an order directing the warden of FDC Honolulu to transfer him to FCI Sheridan. *Id.*

## IFP APPLICATION

Section 1915(a)(1) generally provides that "any court of the United States may authorize the commencement . . . of any . . . action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[2] 28 U.S.C. § 1915(a)(1); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007).

Here, a prison official certified that Abordo currently has $1.30 on account. ECF No. 6, at PageID.11. Although Abordo is employed at FDC Honolulu, he has no other sources of income, savings, or assets, and he does not own any other property. *Id.*, at PageID.10. Given the foregoing, the Court GRANTS Abordo's IFP Application.

---

[2] Although 28 U.S.C. § 1915(g) prohibits a prisoner who has accrued three or more "strikes" from proceeding in forma pauperis, and Abordo has accrued at least three strikes, *see Abordo v. Corr. Corp. of Am.*, Civ. No. 11-00327, 2011 WL 2357758, at *2 & n.3 (D. Haw. June 9, 2011), this prohibition does not apply to habeas actions, *see Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997).

## PETITION FOR WRIT OF HABEAS CORPUS

**A.     Screening**

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005).  Courts can also apply this rule to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

**B.     The Proper Respondent is the Warden of FDC Honolulu**

Under 28 U.S.C. § 2242, the proper respondent in a 28 U.S.C. § 2241 petition is the "person who has custody over [the petitioner]."  Pursuant to this "immediate custodian rule," "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Here, Abordo names as respondents the Warden of FDC Honolulu, S. Dosonj, FDC Honolulu, and the BOP.  ECF No. 1, at PageID.1.  As Abordo's

4

immediate custodian, Warden Dosonj is the proper respondent in this action. FDC Honolulu and the BOP are therefore dismissed as respondents.

C. **The Court Lacks Jurisdiction to Review the BOP's Individual Placement Designation for Abordo**

In his Petition, Abordo alleges that his "custody level is low" but he is being held "in a close custody setting" at FDC Honolulu. ECF No. 1, at PageID.1. Abordo seeks an order directing the warden of FDC Honolulu to transfer him to a minimum-security satellite camp adjacent to FCI Sheridan. *Id.* According to Abordo, the Court "ordered" that he serve his term at FCI Sheridan. *Id.*

"Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he . . . is in the BOP's custody." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP, therefore, "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citations omitted).

Section 3621(b) further states that the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau[.]" 18 U.S.C. § 3621(b). In making individual designation decisions, the BOP considers the facility's resources, the nature and circumstances of the offense, the history and characteristics of the

prisoner, any statement of the court that imposed the sentence, and any pertinent policy statement of the Sentencing Commission.  18 U.S.C. § 3621(b)(1)-(5).  The BOP's discretion in making placement decisions is broad.  *See Miller v. United States*, No. ED CV 18-2064-SVW (SP), 2020 WL 3979693, at *2 (C.D. Cal. Feb. 10, 2020) ("Congress has granted BOP broad discretion on determinations involving . . . placement of inmates."), *report and recommendation adopted*, No. ED CV 18-2064-SVW (SP), 2020 WL 3978365 (C.D. Cal. July 14, 2020).

Section 3621(b) also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court."  18 U.S.C. § 3621(b). In other words, "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021).  This Court therefore lacks jurisdiction to consider any challenge to the BOP's individual placement decision for Abordo at FDC Honolulu.  *See Lu v. Birkholz*, No. 22-15555, 2022 WL 17176491, at *1 (9th Cir. Nov. 23, 2022) ("To the extent [the petitioner] challenges the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction to consider that claim.").

Although the Court lacks jurisdiction to review the BOP's individual placement designations, the Ninth Circuit has said that district courts do have

jurisdiction to review claims that "the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (citation omitted*); see Ahmad*, 860 F. App'x at 462 ("Though § 3621(b) strips the court of jurisdiction to consider [an inmate's] individual challenge, it does not preclude review of all challenges that might implicate individual designation decisions." (citation omitted)).

Here, however, Abordo fails to allege facts supporting any such claim. While Abordo may prefer to be incarcerated at FCI Sheridan, this preference is not enough to salvage his claim. *Accord United States v. Sanft*, No. CR-05-00283-13 JSW, 2007 WL 1377992, at *2 (N.D. Cal. May 9, 2007) ("[T]o the extent [the inmate] is asking this Court to override the BOP's [placement] decision merely because he prefers to serve his term elsewhere, this Court has no authority to do so.").

To the extent Abordo suggests that the Court ordered the BOP to house him at FCI Sheridan, he is mistaken. *See* Judgment in a Criminal Case, Abordo, No. 22-cr-00101-BLW-KJN (D. Haw. Apr. 9, 2024), ECF No. 106, at PageID.1028 ("The court makes the following *recommendations* to the Bureau of Prisons: 1) Sheridan, OR." (emphasis added)). The Court cannot require that Abordo be housed in a particular BOP facility. *See Tapia v. United States*, 564 U.S. 319,

1331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP." (citation omitted)); *United States v. Grant*, 664 F.3d 276, 281 (9th Cir. 2011) ("A sentencing court can only recommend, and not require, that a prisoner be placed in a particular facility or program." (footnote omitted)).

## CONCLUSION

(1) The Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 6, is GRANTED.

(2) The Petition for Writ of Habeas Corpus, ECF No. 1, is DISMISSED. Because the Court finds that amending the Petition would be futile, this dismissal is without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: August 5, 2024

_____
B. Lynn Winmill
United States District Judge